In the
United States Court of Appeals
for the Sixth Circuit

EDEL GREGORIO MIRANDA HINOJOSA,

Petitioner-Appellant,

v.

CHRISTOPHER S. BULLOCK, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations New Orleans Field Office,

Respondent-Appellee.

Case No. 26-5502

---

On Appeal from the United States District Court for the
Western District of Tennessee, Western Division,
No. 2:26-cv-02489 (Lea, J.)

---

## Motion to Dismiss Appeal as Moot

---

On June 3, 2026, Petitioner-Appellant Edel Gregorio Miranda Hinojosa ("Petitioner") filed a notice of appeal from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. R.

10, Notice of Appeal, PageID 43.[1] In his petition, Petitioner challenged his detention by the Department of Homeland Security, Immigration and Customs Enforcement. R. 1, Pet., PageID 1. Since filing the notice of appeal, Petitioner received the bond hearing that he requested. The immigration court reached the merits of Petitioner's motion for custody redetermination and denied the bond because the immigration court determined Petitioner to be a flight risk. R. 14-1, Order of Immigration Judge, PageID 155. Petitioner has also appealed that adverse decision to the Board of Immigration Appeals and filed a second, unsuccessful habeas petition in district court. R. 14-1, Notice of Appeal from Decision of Immigration Judge, PageID 179–81; Pet. (W.D. Tenn. No. 2:26-cv-03137); Order Den. Pet. (W.D. Tenn. No. 2:26-cv-03137).

Respondent-Appellee Christopher S. Bullock ("Respondent") respectfully moves to dismiss the instant appeal for lack of jurisdiction because Petitioner received an individualized bond hearing on June 12, 2026—the alternative relief he was seeking. R. 14-1, Order of

[1] Citations to the record (R.) are to filings in the underlying case before the district court, W.D. Tenn. No. 2:26-cv-02489.

Immigration Judge, PageID 155. Accordingly, the Court should grant this motion and dismiss this appeal.

**BACKGROUND**

Petitioner is a native and citizen of Mexico. Ex. 1, Notice to Appear, p. 1.[2] He is not a citizen of the United States. *Id.* Petitioner entered the United States at an unknown location on an unknown date. *Id.* On January 17, 2026, the Madison County, Tennessee, Sherriff's Office advised immigration officials that Petitioner had been detained during a traffic stop. Ex. 2, I-213, p. 2. When immigration officials arrived at the scene, Petitioner presented a Mexican passport and advised that he was unlawfully present in the United States. *Id.* Petitioner was arrested and served with an arrest warrant (Form I-200) and a Notice to Appear. Ex.

---

[2] The Court should take judicial notice of the Notice to Appear, I-213, and Arrest Warrant. "The Court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "This standard applies to appellate courts taking judicial notice of facts supported by documents not included in the record on appeal." *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (citing Fed. R. Evid. 201(f) advisory committee's note ("[J]udicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal.")). The accuracy of these documents "cannot reasonably be questioned," Fed. R. Evid. 201(b), so the Court should take judicial notice of them.

1, Notice to Appear; Ex. 3, Warrant of Arrest. Petitioner was charged as "an alien present in the United States who has not been admitted or paroled." Ex. 1, Notice to Appear, p. 1. Petitioner was detained in the West Tennessee Detention Center. R. 1, Pet., PageID 3 ¶ 11.

On April 29, 2026, Petitioner filed a writ of habeas corpus. R. 1, Pet., PageID 1. Petitioner did not challenge the statutory basis for his detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at PageID 1–2. Rather, he brought an as-applied constitutional challenge. *Id.* at PageID 2. Petitioner sought release or an individualized bond hearing. *Id.* at PageID 13. With the petition, Petitioner filed a motion for the district court to issue a show cause order. R. 2, Mot. for Show Cause Order, PageID 25. On May 1, 2026, the district court denied the petition. R. 6, Order Den. Pet., PageID 28. The district court concluded that Petitioner's detention as an applicant for admission under 8 U.S.C. § 1225(b)(2)(A) did not violate due process or equal protection. *Id.* at PageID 29–32. The district court denied the motion for show cause order as moot. *Id.* at PageID 32.

On May 11, 2026, this Court issued its decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). In that decision, the Court

affirmed four district court judgments that held 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to "applicants for admission" who are not actively "seeking admission." *Lopez-Campos*, 175 F.4th at 723.

On May 28, 2026, Petitioner moved for a bond redetermination in immigration court. R. 14-1, Mot. for Bond Redetermination, PageID 64.

On June 3, 2026, Petitioner filed the notice of appeal in the present case. R. 10, Notice of Appeal, PageID 43.

On June 12, 2026, the immigration judge conducted a bond hearing and denied bond after determining that Petitioner was a flight risk. R. 14-1, Order of Immigration Judge, PageID 155. Petitioner appealed the bond order to the Board of Immigration Appeals (BIA). R. 14-1, Notice of Appeal from Decision of Immigration Judge, PageID 179.

On September 2, 2026, Petitioner filed a second habeas petition in district court. Pet. (W.D. Tenn. No. 2:26-cv-03137). According to Petitioner, he sought "the writ on a single, narrow ground: the statute that authorizes his detention [8 U.S.C. § 1226(a)] permits it only on a warrant, and no warrant has ever been served on him." *Id.* at p. 2. On September 15, 2026, the district court denied the petition for three

reasons: (1) the petition was moot to the extent it sought an individualized bond hearing because Petitioner already received one; (2) Petitioner failed to exhaust administrative remedies through the BIA before seeking relief in district court; and (3) to the extent that Petitioner sought review of the immigration court's discretionary bond determination, the district court lacked jurisdiction. Order Denying Pet. (W.D. Tenn. No. 2:26-cv-03137), pp. 1–2. The district court also noted that Respondent filed a warrant issued the same day Petitioner was detained. *Id.* at p.1 n.1.

## ARGUMENT

The Court should dismiss the appeal for lack of subject-matter jurisdiction because the case is moot. The Constitution's case or controversy requirement confines the jurisdiction of the courts to "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character . . . ." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (citation omitted). Accordingly, the Court lacks jurisdiction to consider any case or issue that has "lost its character as a present, live controversy" and thereby becomes moot. *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). Because the exercise of judicial power

under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question. *Rice*, 404 U.S. at 246. "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005) (quoting *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001)).

"The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . ." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)) (internal quotation marks omitted). When a case is rendered moot during the pendency of the action, the Court must dismiss the action for lack of subject-matter jurisdiction. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." (internal quotation marks omitted)); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction

the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868))).

Before the district court, Petitioner challenged the constitutionality of his detention pursuant to 8 U.S.C. § 1225(b)(2)(A) without an individualized bond hearing. *See* R. 1, Pet., PageID 2, 6 ¶¶ 32–33, 8 ¶ 42. After the district court disagreed and determined that Petitioner's detention did not violate due process or equal protection, Petitioner filed this appeal. R. 10, Notice of Appeal, PageID 43. This appeal is moot because Petitioner received the relief that he has been seeking: on June 12, 2026, he appeared before an immigration judge for a custody redetermination, i.e., bond hearing. *See* R. 14-1, Order of Immigration Judge, PageID 155. The immigration judge reached the merits of the motion and denied it because the immigration judge concluded that Petitioner was a flight risk. *Id.*

Consequently, because Petitioner received the bond hearing that he sought to procure through litigation before the district court (and now presumably before this Court), no "real and substantial controversy

admitting of specific relief through a decree of a conclusive character" remains. *Rice*, 404 U.S. at 246. Stated another way, Petitioner's case has "lost its character as a present, live controversy." *Hall*, 396 U.S. at 48. Accordingly, the Court should dismiss the appeal for lack of jurisdiction. *See Genesis Healthcare*, 569 U.S. at 72; *Steel Co.*, 523 U.S. at 94.

Respectfully submitted,

D. Michael Dunavant
United States Attorney

*/s/ M. Jason Martin*
M. Jason Martin (TN No. 27404)
Assistant United States Attorney
Western District of Tennessee
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
jason.martin3@usdoj.gov

Dated: October 23, 2026

## Certificate of Service

I certify that on October 23, 2026, I electronically filed this motion with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system, which will send notification of the filing to the following:

Roberto Garcia, rogarcia@manuelsolis.com

*/s/ M. Jason Martin*
Assistant United States Attorney

## Certificate of Compliance

Pursuant to FED. R. APP. P. 27(d)(2)(A), I certify that the foregoing was prepared using 14-point Century Schoolbook type, is proportionally spaced and contains fewer than 5,200 words.

*/s/ M. Jason Martin*
Assistant United States Attorney

# Exhibit 1

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: [redacted]/1968

Event No: MEM2601000157

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 401279714 FINS: 14711206 File No: [redacted]

In the Matter of:

Respondent: EDEL MIRANDA HINOJOSA currently residing at:

6299 Finde Naifeh Dr Mason, TENNESSEE 380496800 (901) 294-3060

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of MEXICO and a citizen of MEXICO;
3. You entered the United States at or near an unknown location, on or about unknown date;
4. You were not then admitted or paroled after inspection by an Immigration Officer.ORAt that time you arrived at a time or place other than as designated by the Attorney General.

See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

6299 FINDE NAIFEH JR DR, MASON, TENNESSEE 38049. WEST TN DETENTION FACILITY

*(Complete Address of Immigration Court, including Room Number, if any)*

on February 13, 2026 at 2:00 pm to show why you should not be removed from the United States based on the
*(Date)* *(Time)*

charge(s) set forth above. [redacted] BRANDON - SDDO

*(Signature and Title of Issuing Officer)*

Date: January 17, 2026 Memphis, TN

*(City and State)*

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_______________________
*(Signature of Respondent)*

Date: ____________

_______________________
*(Signature and Title of Immigration Officer)*

## Certificate of Service

This Notice To Appear was served on the respondent by me on January 17, 2026, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # ____________ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

REFUSED
*(Signature of Respondent if Personally Served)*

[redacted]OORE - Deportation Officer
*(Signature and Title of officer)*

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

| Alien's Name | File Number | Date |
|---|---|---|
| MIRANDA HINOJOSA, EDEL | [redacted] 968<br>Event No: MEM2601000157 | 01/17/2026 |

THE SERVICE ALLEGES THAT YOU:

--------------------------------------------------------------------------------

5. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act; and/or

6. You are an immigrant not in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality.

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:

--------------------------------------------------------------------------------

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

| Signature | Title |
|---|---|
| [redacted] BRANDON C. Bud | SDDO |

# Exhibit 2

**U.S. Department of Homeland Security** Subject ID : 401279714 **Record of Deportable/Inadmissible Alien**

Family Name (CAPS) / First / Middle: MIRANDA HINOJOSA, EDEL

Sex: M | Hair: GRY | Eyes: BRO | Cmplxn: MED

Country of Citizenship: MEXICO

Passport Number and Country of Issue:

File Number: MEM2601000157 [redacted] 968

Height: 70 | Weight: 178 | Occupation: UNR

U.S. Address: 6299 FINDE NAIFEH DR MASON, TENNESSEE, 38049,

Scars and Marks: None Indicated - N/A

Date, Place, Time, and Manner of Last Entry: Unknown Date Unknown Time, UNK, WI-Without Inspection

Passenger Boarded at:

F.B.I. Number:

☐ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated

Number, Street, City, Province (State) and Country of Permanent Residence:

Method of Location/Apprehension: NCA

Date of Birth: [redacted]/1968 Age: 57

Date of Action: 01/17/2026

Location Code: MEM/NOL

At/Near: See I-831

Date/Hour: 01/17/2026 03:34

City, Province (State) and Country of Birth: MEXICO

AR ☒ Form : (Type and No.) Lifted ☐ Not Lifted ☐

By: [redacted] KEETONB[redacted]PARKER

NIV Issuing Post and NIV Number:

Social Security Account Name:

Status at Entry:

Status When Found:

Date Visa Issued:

Social Security Number:

Length of Time Illegally in U.S.:

Immigration Record: NEGATIVE

Criminal Record:

Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate):

Number and Nationality of Minor Children: None

Father's Name, Nationality, and Address, if Known:

Mother's Present and Maiden Names, Nationality, and Address, if Known:

Monies Due/Property in U.S. Not in Immediate Possession: None Claimed

Fingerprinted? ☒ Yes ☐ No

Systems Checks: See Narrative

Charge Code Words(s): See Narrative

Name and Address of (Last)(Current) U.S. Employer:

Type of Employment: Unemployed or Retired

Salary: Hr

Employed from/to:

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN [redacted]



Left Index fingerprint

[redacted]

Right Index fingerprint

[redacted]

Family Information
--------------------
Father:Subject has not provided information for Father.
Mother:Subject has not provided information for Mother.
Spouse:Subject is not married.
Child:Subject does not have children or dependents.

Subject Health Status
----------------------
Subject states that he has a heart problem but does not take any mediation and has not seen a doctor ...(CONTINUED ON I-831)

[redacted] MOORE
Deportation Officer
(Signature and Title of Immigration Officer)

Alien has been advised of communication privileges 1/17/26 (Date/Initials)

Distribution:

Received: (Subject and Documents) (Report of Interview)

Officer: [redacted] MOORE

on: January 17, 2026 (time)

Disposition: Warrant of Arrest/Notice to Appear

Examining Officer: BRANDON [redacted]

Form I-213 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| MIRANDA HINOJOSA, EDEL | [redacted] 968<br>Event No: MEM2601000157 | 01/17/2026 |

Current Administrative Charges
-------------------------------
01/17/2026 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)01/17/2026 - 212a7AiI - IMMIGRANT WITHOUT AN IMMIGRANT VISA

RECORDS CHECKED
---------------
[redacted]

Arrested At/Near
-----------------
2255 Hollywood Dr Jackson TN 383054327 USA

Record of Deportable/Excludable Alien:
---------------------------------------
INTERVIEW DATA:
The following I-213 documents the investigation, location, and apprehension of Edel MIRANDA-Hinojosa, (A# [redacted]968). This investigation consists of inquiries from the Department of Homeland Security, United States Citizenship and Immigration Services, various investigative law enforcement systems, and non-incriminating oral statements made by MIRANDA during the apprehension process.

FAMILY:
MIRANDA stated that he has 3 minor USC children in the custody of the children's mother.

CITIZENSHIP:
MIRANDA stated that he is a native and citizen of the Mexico and is a not a Lawful Permanent Resident of the United States.

ENCOUNTER/ARREST:
On January 17, 2026, Memphis ERO FOT was contacted by Madison County, TN Sheriff's Office requesting assistance during a vehicle stop. MIRANDA was encountered by deputies for violation of state law. MIRANDA was in possession of a Mexican passport and stated he was born in Mexico and had entered the U.S. illegally. MIRANDA was taken into custody and transported to the Memphis CIE Office for processing.

ENTRY/IMMIGRATION HISTORY:
On February 2, 2004, and February 7, 2004, MIRANDA was apprehended by U.S. Border Patrol and granted VR on both occasions.

CRIMINAL HISTORY:
Search indicates the following criminal record:
MIRANDA does not appear to have any previous encounters with U.S. law enforcement.

HEALTH:
MIRANDA claims he has a heart problem but stated that he is not taking any medication and has not seen a doctor for the issue.

EDUCATION:
MIRANDA claims to have not attended an accredited educational institution in the United States.

MILITARY SERVICE:

| Signature | Title |
|---|---|
| [redacted] MOORE | Deportation Officer |

| Alien's Name | File Number | Date |
| --- | --- | --- |
| MIRANDA HINOJOSA, EDEL | [redacted]968<br>Event No: MEM2601000157 | 01/17/2026 |

MIRANDA claimed no membership in the United States military and stated that no immediate family member is now or was previously in the United States military.

TRAVEL DOCUMENT(S):
MIRANDA was in possession of a Mexican passport.

GANG AFFILIATIONS:
MIRANDA claims no gang affiliation.

VCA DETERMINATION:
MIRANDA did not express being a victim of a crime.

LIST OF LEGAL SERVICES:
On January 17, 2026, ERO provided MIRANDA with an updated list of legal services pursuant to 8 CFR 238.1(b)(2)(iv) and a copy of the ODLS privacy notice.

PHONE CALL:
On January 17, 2026, MIRANDA was permitted to use his telephone.

PROPERTY/FUNDS:
At the time of apprehension MIRANDA had no money in his possession.

DISPOSITION/ACTION:
MIRANDA is amenable to the following Service action pursuant to Section 212(a)(6)(A)(i) and 212(a)(7)9A)(i) of the Immigration and Nationality Act. ERO Memphis verified that MIRANDA has no immigration petitions/applications pending or approved with Citizenship and Immigration Services and is not immediately eligible for adjustment of status. MIRANDA will be detained pending his immigration court date.

Other Identifying Numbers
--------------------------
ALIEN-[redacted]968

| Signature | Title |
| --- | --- |
| [redacted] MOORE | Deportation Officer |

# Exhibit 3

**U.S. DEPARTMENT OF HOMELAND SECURITY** **Warrant for Arrest of Alien**

File No. [redacted] 968

Date: 01/17/2026

**To: Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that MIRANDA HINOJOSA, EDEL is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☒ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

(Signature of Authorized Immigration Officer)

[redacted] BRANDON - SDDO

(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at Memphis, TN
(Location)

on MIRANDA HINOJOSA, EDEL on January 17, 2026, and the contents of this
(Name of Alien) (Date of Service)

notice were read to him or her in the SPANISH language.
(Language)

[redacted] MOORE

Deportation Officer

Name and Signature of Officer

Name or Number of Interpreter (if applicable)